**DAVID P. COOPER, OSB No. 880367**
Email: cooper@khpatent.com
**OWEN W. DUKELOW, OSB No. 965318**
Email: dukelow@khpatent.com
**DESMOND J. KIDNEY, OSB No. 131558**
Email: desmond@khpatent.com
**KOLISCH HARTWELL, P.C.**
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679

   *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SUNLIGHT SUPPLY, INC.,** a Washington corporation,<br><br>                    Plaintiff,<br><br>           v.<br><br>**CIRRUS SYSTEMS, INC.**, a Delaware corporation,<br><br>                    Defendant. | Case No. 3:16-cv-02201<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNLAWFULE BUSINESS, TRADE PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1 –     COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND
             UNLAWFUL BUSINESS, TRADE PRACTICES
             CASE NO. 3:16-CV-02201

Plaintiff Sunlight Supply, Inc. ("Sunlight") alleges, based upon actual knowledge with respect to Plaintiff and Plaintiff's acts, and based upon information and belief with respect to all other matters, against Defendant Cirrus Systems, Inc. (AKA Cirrus LED Systems, and referred to below as "Cirrus") as follows:

## NATURE OF THE CASE

1. This is a civil action for federal trademark infringement in violation of 15 U.S.C. § 1114(1), and unlawful business, trade practices under ORS 646.608 *et seq.*

## PARTIES

2. Plaintiff Sunlight is a Washington corporation residing at 5408 NE 88th St. #A-101, Vancouver, WA 98665-0989.

3. Defendant Cirrus is a Delaware corporation residing at 4240 Holden St., Emeryville, CA 94608.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338, because this case involves a federal question arising under the trademark laws of the United States.

5. This Court has supplemental jurisdiction over Sunlight's unlawful business, trade practices claim. In particular, that Oregon claim forms part of the same case or controversy as Sunlight's claims arising under federal trademark law. Therefore, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the injury from Defendant's actions is felt in this district and a substantial part of the events giving rise to the claims of this action occurred in Oregon.

Page 2 –    COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND
            UNLAWFUL BUSINESS, TRADE PRACTICES
            CASE NO. 3:16-CV-02201

## BACKGROUND FACTS

7. Founded in 1995 and based in Vancouver, Washington, Sunlight is a leading, well known, national manufacturer and distributor of specialty gardening supplies, offering its customers over 5,000 different products for indoor, hydroponic, organic and greenhouse gardening, and for the outdoor hobbyist gardener.

8. Sunlight is a wholesale-only business, selling its products exclusively through its Authorized Retail Dealers.

9. Sunlight owns substantial Intellectual Property associated with its business, including the following trademarks registered with the United States Patent and Trademark Office: TITAN CONTROLS (U.S. Registration No. 3,604,100), GROW WITH US (U.S. Registration No. 5,005,777), and WHEN YOU'RE GARDENING WITH THE GODS, THINGS JUST GROW BETTER! (U.S. Registration No. 4,704,510). Copies of the above-identified trademark registrations are attached as Exhibits A-C.

10. Upon information and belief, Defendant Cirrus has used the mark TITAN ("the accused TITAN mark") in advertising for grow lights that it sells in interstate commerce. Copies of those advertisements are attached as Exhibits D-H.

11. Upon information and belief, Defendant Cirrus has also used the mark GROW WITH US (the accused GROW WITH US mark) in connection with advertising for its grow lights and other garden products. A representative copy of those advertisements is shown in Exhibit G.

12. Upon information and belief, Defendant Cirrus has also used the mark GROW LIKE A GOD ("the accused GROW LIKE A GOD mark") in connection with advertising for its grow lights and other garden products. A representative copy of those advertisements is shown in Exhibit H. The TITAN, GROW WITH US, and GROW LIKE A GOD accused marks are referred to collectively as

"the Accused Marks".

13. Sunlight did not license or otherwise permit Defendant Cirrus to use any of the Accused Marks.

14. Upon information and belief, when Defendant Cirrus committed the above-identified acts, it knew of Sunlight and of Sunlight's Intellectual Property, including its above-identified federally registered trademarks.

## COUNT I – TRADEMARK INFRINGEMENT

15. This claim is for trademark/service mark infringement under 15 U.S.C. § 1051 et seq., particularly § 1114 thereof.

16. Sunlight hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

17. Defendant Cirrus's use in commerce of the TITAN accused mark that is identical or confusingly similar to Sunlight's TITAN CONTROLS registered mark has caused and is likely to continue to cause confusion among consumers, including a mistaken belief that Defendant Cirrus is affiliated with Sunlight, that Defendant Cirrus's business is sponsored or otherwise approved by Sunlight, that Defendant Cirrus has obtained Sunlight's permission to use the accused TITAN mark in conjunction with sales of Defendant Cirrus's products, or that Sunlight is the actual source of Defendant Cirrus's products.

18. Defendant Cirrus's unauthorized acts, as alleged above, infringe Sunlight's rights in its federally registered TITAN CONTROLS mark in violation of 15 U.S.C. § 1114.

19. Defendant Cirrus's unauthorized acts were willful and intentional.

20. Sunlight is entitled to recover Defendant Cirrus's profits, any damages sustained by Sunlight, three times the greater of such profits or damages, and the costs of this action, including

attorney fees and prejudgment interest. 15 U.S.C. § 1117.

21.     Defendant Cirrus's willful and intentional infringement of Sunlight's trademark rights has caused irreparable injury and damage to Sunlight's business, and to its accumulated customer goodwill and reputation. This damage cannot be quantified, and if allowed to continue will leave Sunlight with no adequate remedy at law.

22.     Sunlight is entitled to injunctive relief to prevent further acts of infringement of Sunlight's marks, to recall any products sold in a manner that infringe Sunlight's marks, and any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116, and due to the irreparable injury to Sunlight due to Defendant Cirrus's willful and intentional acts.

## COUNT II – TRADEMARK INFRINGEMENT

23.     This claim is for trademark/service mark infringement under 15 U.S.C. § 1051 et seq., particularly § 1114 thereof.

24.     Sunlight hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

25.     Defendant Cirrus's use in commerce of the GROW WITH US accused mark that is identical or confusingly similar to Sunlight's GROW WITH US registered mark has caused and is likely to continue to cause confusion among consumers, including a mistaken belief that Defendant Cirrus is affiliated with Sunlight, that Defendant Cirrus's business is sponsored or otherwise approved by Sunlight, that Defendant Cirrus has obtained Sunlight's permission to use the accused GROW WITH US mark in conjunction with sales of Defendant Cirrus's products, or that Sunlight is the actual source of Defendant Cirrus's products.

26.     Defendant Cirrus's unauthorized acts, as alleged above, infringe Sunlight's rights in its federally registered GROW WITH US mark in violation of 15 U.S.C. § 1114.

Page 5 –    COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND
            UNLAWFUL BUSINESS, TRADE PRACTICES
            CASE NO. 3:16-CV-02201

27. Defendant Cirrus's unauthorized acts were willful and intentional.

28. Sunlight is entitled to recover Defendant Cirrus's profits, any damages sustained by Sunlight, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest. 15 U.S.C. § 1117.

29. Defendant Cirrus's willful and intentional infringement of Sunlight's trademark rights has caused irreparable injury and damage to Sunlight's business, and to its accumulated customer goodwill and reputation. This damage cannot be quantified, and if allowed to continue will leave Sunlight with no adequate remedy at law.

30. Sunlight is entitled to injunctive relief to prevent further acts of infringement of Sunlight's marks, to recall any products sold in a manner that infringe Sunlight's marks, and any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116, and due to the irreparable injury to Sunlight due to Defendant Cirrus's willful and intentional acts.

## COUNT III – TRADEMARK INFRINGEMENT

31. This claim is for trademark/service mark infringement under 15 U.S.C. § 1051 et seq., particularly § 1114 thereof.

32. Sunlight hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

33. Defendant Cirrus's use in commerce of the GROW LIKE A GOD accused mark that is identical or confusingly similar to Sunlight's WHEN YOU'RE GARDENING WITH THE GODS, THINGS JUST GROW BETTER! registered mark has caused and is likely to continue to cause confusion among consumers, including a mistaken belief that Defendant Cirrus is affiliated with Sunlight, that Defendant Cirrus's business is sponsored or otherwise approved by Sunlight, that Defendant Cirrus has obtained Sunlight's permission to use the accused GROW LIKE A GOD mark

in conjunction with sales of Defendant Cirrus's products, or that Sunlight is the actual source of Defendant Cirrus's products.

34. Defendant Cirrus's unauthorized acts, as alleged above, infringe Sunlight's rights in its federally registered WHEN YOU'RE GARDENING WITH THE GODS, THINGS JUST GROW BETTER! mark in violation of 15 U.S.C. § 1114.

35. Defendant Cirrus's unauthorized acts were willful and intentional.

36. Sunlight is entitled to recover Defendant Cirrus's profits, any damages sustained by Sunlight, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest. 15 U.S.C. § 1117.

37. Defendant Cirrus's willful and intentional infringement of Sunlight's trademark rights has caused irreparable injury and damage to Sunlight's business, and to its accumulated customer goodwill and reputation. This damage cannot be quantified, and if allowed to continue will leave Sunlight with no adequate remedy at law.

38. Sunlight is entitled to injunctive relief to prevent further acts of infringement of Sunlight's marks, to recall any products sold in a manner that infringe Sunlight's marks, and any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116, and due to the irreparable injury to Sunlight due to Defendant Cirrus's willful and intentional acts.

### COUNT III – UNLAWFUL BUSINESS, TRADE PRACTICES

39. This claim is for unlawful business, trade practices arising under ORS 646.608 *et seq*.

40. Sunlight hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

41. Defendant Cirrus has caused and continues to cause a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval, or certification of its grow lights and other

Page 7 –   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND
            UNLAWFUL BUSINESS, TRADE PRACTICES
            CASE NO. 3:16-CV-02201

garden products sold under the Accused Marks, each of which are identical or confusingly similar to Sunlight's, by committing the acts alleged above.

42. Defendant Cirrus has caused and continues to cause a likelihood of confusion or a misunderstanding as to Defendant Cirrus' affiliation, connection, association with, or certification by Sunlight, by committing the acts alleged above.

43. Sunlight is entitled to recover compensatory and punitive damages in an amount to be determined at trial, plus an award of attorney fees and prejudgment interest, pursuant to ORS 646.632.

44. Sunlight also is entitled to injunctive relief ordering Defendant Cirrus, and anyone acting in concert with Defendant Cirrus, to immediately stop its unlawful trade practices and to provide corrective advertising to disclaim any association between Defendant Cirrus and Sunlight, and any other relief the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Sunlight prays for judgment as follows:

1. That Defendant Cirrus be preliminarily and permanently enjoined from all trademark infringement and all acts of unlawful business, trade practices under ORS 646.608 *et seq.*;

2. That Defendant Cirrus be required to deliver up to Sunlight any and all product and product packaging, labels, displays, advertising or other materials in the possession of Defendant Cirrus, or under its control, that include or infringe any of Sunlight's rights, including any drawings, designs, documents, brochures, web pages, and other items copied or derived from Sunlight's materials;

3. That Defendant Cirrus be required to supply Sunlight with a complete list of entities to whom it has sold, offered to sell, delivered or offered to deliver, directly or indirectly, product infringing Sunlight's rights;

4. That Defendant Cirrus be directed to file with this Court and serve on Sunlight within thirty (30) days after the service of an injunction a report in writing under oath setting forth in detail the manner and form in which Defendant Cirrus has complied with the injunction;

5. That Plaintiff Sunlight recover all damages suffered from Defendant Cirrus's acts, including statutory damages or actual damages and Defendant Cirrus's profits;

6. That Plaintiff Sunlight recover enhanced damages;

7. That Plaintiff Sunlight recover its reasonable attorney fees, costs and disbursements; and

8. That Plaintiff Sunlight recover such other relief as this Court deems just and proper.

## JURY DEMAND

Sunlight hereby demands a trial by jury of all issues so triable.

DATED this 21st day of November, 2016.

Respectfully submitted,

KOLISCH HARTWELL, P.C.

By   s/ David P. Cooper
DAVID P. COOPER, OSB No. 880367
Email: cooper@khpatent.com
520 S.W. Yamhill Street, Suite 200
Portland, Oregon   97204
Telephone: (503) 224-6655
Facsimile: (503) 295-6679
*Of Attorneys for Plaintiff
Sunlight Supply, Inc.*

Page 9 –   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNLAWFUL BUSINESS, TRADE PRACTICES
CASE NO. 3:16-CV-02201